UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL F. and MARGARET BROWN,

    Plaintiffs,

vs.

AMERICA'S WHOLESALE LENDER; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; VITA TITLE AGENCY, INC.; BAYVIEW MORTGAGE SERVICES, INC.; COUNTRYWIDE HOME LOANS, INC.; THE BANK OF NEW YORK; and DOES I – X,

    Defendants.

Case No.
Honorable:

Removed from Wayne County Circuit Court No. 14-014695-CH

**NOTICE OF REMOVAL FROM STATE COURT**

---

Michael F. & Margaret Brown.
1280 N Oxford Road
Grosse Pointe Woods, MI 48236

*Plaintiffs*

**DICKINSON WRIGHT PLLC**

Amy Sabbota Gottlieb (P67020)
2600 W Big Beaver Rd Ste. 300
Troy, MI 48084
(248) 433-7286
agottlieb@dickinsonwright.com

Farayha Arrine (P73535)
500 Woodward Avenue, Suite 4000
Detroit MI, 48226
(313) 223-3153
FArrine@dickinsonwright.com

*Attorneys for Defendant Countrywide Home Loan, incorrectly named separately as America's Wholesale Lender, and Defendant Mortgage Electronic Registration Systems, Inc.*

## NOTICE OF REMOVAL FROM STATE COURT

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, the above-captioned action, which is currently pending in the Circuit Court for the County of Wayne in the State of Michigan is hereby removed by Defendants Countrywide Home Loans, Inc. ("CHL") d/b/a America's Wholesale Lender ("AWL"),[1] and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Defendants"), to the United States District Court for the Eastern District of Michigan, Southern Division, by the filing of this Notice of Removal. As grounds for removal, Defendants state as follows:

1. On or about November 13, 2014, Plaintiffs filed suit in the Circuit Court for the County of Wayne, State of Michigan, as a case entitled *Michael F. and Margaret Brown. v. America's Wholesale Lender, et al.*, Case No. 14-014695-CH (the "State Court Action").

2. Pursuant to 28 U.S.C. § 1446(a), a complete copy of all process and pleadings served upon Defendants in the State Court Action are attached hereto as **Exhibit 1** ("Compl."). No summons was included with the Complaint served on Defendants.

---

[1] Plaintiffs incorrectly name CHL and AWL as separate entities. They are not.

2

3. Defendants were served with the Complaint on or after November 18, 2014.

4. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it has been filed within 30 days after Defendants' receipt of the Summons and Complaint.

5. This Court is the district and division "embracing the place where [the State Court] action is pending." 28 U.S.C. § 1441(a). The Circuit Court for the County of Wayne is located in the Southern Division of the Eastern District of Michigan. 28 U.S.C. § 102(a)(1).

## **DIVERSITY JURISDICTION EXISTS**

6. This Court has original diversity jurisdiction pursuant 28 U.S.C § 1332, because this action is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs and attorney fees.

7. <u>Plaintiffs</u>. For purposes of diversity jurisdiction, a person is a citizen of the state in which he or she is domiciled. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). "[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Here, Plaintiffs are residents of Wayne County, Michigan.

(*See* Compl. at ¶ 1.) Plaintiffs do not allege that they have any intention of leaving Michigan. (*See* Compl., generally.) Therefore, upon information and belief, Plaintiffs are domiciled in the State of Michigan.

8. <u>CHL/AWL</u>: Countrywide Home Loans, Inc., d/b/a America's Wholesale Lender is a New York corporation with its principal place of business located in California. A corporation is deemed a citizen of its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). Thus, Countrywide Home Loans, Inc. is a citizen of both New York and California.

9. <u>MERS</u>: MERS is a Delaware corporation with its principal place of business located in the State of Virginia. A corporation is deemed a citizen of its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). MERS, therefore, is a citizen of the State of Virginia and Delaware for purposes of determining diversity.

10. <u>Co-Defendants</u>: Upon information and belief, The Bank of New Mellon, f/k/a The Bank of New York is a state-chartered banking association of the State of New York, with its principal office in New York, New York. For diversity purposes, a state-chartered banking association is a citizen of the state(s) where it is located. *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 306-307 (2006). Accordingly, The Bank of New York Mellon is a citizen of New York

4

within meaning of 28 U.S.C. §1332(c)(1). Bayview Loan Servicing, LLC, incorrectly sued as Bayview Mortgage Service, Inc. ("Bayview") is a Florida limited liability company with its principal office in Coral Gables, Florida. Thus, Bayview is a citizen of Florida within meaning of 28 U.S.C. §1332(c)(1). VTA Title Agency, Inc. ("VTA") is an Ohio corporation with its principal office in Sunbury, Ohio. Thus, VTA is a citizen of Florida within meaning of 28 U.S.C. §1332(c)(1).

11. Pursuant to L.R. 81.1(a) and (b) and 28 U.S.C. § 1332(a), the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs and attorneys' fees. Plaintiffs' claim for damages exceeds $75,000.00 for the following reasons:

    A. Consistent with state court practices, Plaintiffs' Complaint does not specify the sum sought as damages.

    B. Nevertheless, Plaintiffs seek declaratory and injunctive relief invalidating their debt or otherwise prohibiting Defendants from collecting on a loan they obtained in the amount of $307,000.00, secured by a mortgage against property located at 1280 N Oxford Road, Grosse Pointe Woods, MI 48236 (the "Property"). (*See* Note of October 17, 2005, a copy of which is attached to the Complaint as Exhibit A.).

    C. Moreover, Plaintiffs also seek declaratory and injunctive relief relating to a mortgage on the Property in the amount of $307,000.00. (*See* Mortgage of October 17, 2005, a copy of which is attached to the Complaint as Exhibit B.)

    E. While Defendants deny the allegations in Plaintiffs' Complaint, and deny any liability to Plaintiffs whatsoever, if those allegations are proven to be true, the amount in controversy

5

exceeds the sum or value of $75,000.00, exclusive of interest, costs and attorneys' fees, because Plaintiffs seek, among other things, injunctive and equitable relief barring Defendants from enforcing Plaintiffs' $307,000.00 note and mortgage. *See Cohn v. Petsmart,* 281 F.3d 837, 840 (9th Cir. 2002) (holding that "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation").

12. A Notice of Filing of Removal and a copy of this Notice of Removal from State Court will be filed with the Wayne County Circuit Court, State of Michigan as required by 28 U.S.C. § 1446(d). (See **Exhibit 2**.) Copies of the same will be served upon all counsel of record upon the filing of this Notice.

WHEREFORE, Defendants hereby remove the State Court Action from the Wayne County Circuit Court, State of Michigan, to this Court, and requests that the Court take jurisdiction of this civil action to the exclusion of any further proceedings in the State court.

Dated: December 16, 2014					Respectfully submitted,

							**DICKINSON WRIGHT PLLC**


							By: /s/Farayha J. Arrine
							Farayha J. Arrine (P73535)
							500 Woodward Avenue
							Suite 4000
							Detroit MI, 48226
							(313) 223-3153
							FArrine@dickinsonwright.com
							*Attorney for Defendant Countrywide Home Loan, incorrectly named separately as America's Wholesale Lender, and Defendant Mortgage Electronic Registration Systems, Inc.*

7

## Certificate of Service

I hereby certify that on **December 16, 2014**, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system. In addition, I served the foregoing paper via U.S. Mail to:

Michael F. & Margaret Brown.
1280 N Oxford Road
Grosse Pointe Woods, MI 48236

/s/ Ann Helms
Ann Helms
DICKINSON WRIGHT PLLC
500 Woodward Avenue, Suite 4000
Detroit, MI 48226
(313) 223-3500
ahelms@dickinsonwright.com

DETROIT 21348-297 1335553v2

8